UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| NEWELL DUANE WEEKS, | ) |
| Petitioner, | ) No. 6:10-CV-00340-HRW |
| v. | ) |
| ERIC D. WILSON, WARDEN, | ) **MEMORANDUM OPINION AND** |
| Respondent. | ) **ORDER** |

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Petitioner Newell Duane Weeks, confined in the United States Penitentiary-McCreary in Pine Knot, Kentucky, has filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241,[D. E. 2], and has paid the $5.00 filing fee [D. E. 4]. Weeks challenges the manner in which the Federal Bureau of Prisons ("BOP") has calculated his federal sentence.

The Court reviews a § 2241 petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)). The Court may summarily dismiss a petition if it appears from the face of the petition that the petitioner is not

entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

Based on the doctrine of claim preclusion discussed below, Weeks is not entitled to relief under § 2241. For that reason, the Court will dismiss Weeks' § 2241 petition and dismiss this action with prejudice.

## CLAIMS ASSERTED

Weeks alleges that the BOP's refusal to apply all proper pre-sentence credits to his current federal sentence violates his right to due process of law guaranteed by the Fifth Amendment of the United States Constitution. Specifically, Weeks alleges that the BOP refuses to credit his federal sentence with 248 days he spent in a federal holding facility from April 4, 2002, through December 5, 2002, while his federal criminal case was pending in this Court.

## LITIGATION HISTORY
### 1. Criminal Litigation

On or about November 14, 2001, state authorities from Marion County, Indiana, arrested Weeks on state robbery charges. On or About March 8, 2002, Weeks was sentenced on the state charges to a term of 10 years of incarceration. At that time, Weeks received credit on his state sentence for all time he had spent incarcerated since November 14, 2001.

Prior to this time, on January 25, 2001, Weeks had committed the federal offenses of Aiding and Abetting the Theft of Firearms From a Licensed Firearms Dealer and Use, Possession, Brandishing of a Firearm In Relation to a Crime of Violence. *See United States v. Weeks*, 6:01-71-KKC (E.D. Ky) ("the Criminal Proceeding"). In April of 2002, the United States Marshal Service removed Weeks from state custody via a writ of *habeas corpus ad prosequendum* to face the federal charges in this Court. On December 5, 2002, this Court sentenced Weeks to a term of 176 months of incarceration: 92 months on Count One and 84 months on Count Three, the latter to run consecutively to Count One. *See* the Criminal Proceeding Docket Sheet, Order, R. 43. This Court did not address pre-sentence credit in the Judgment and Commitment Order, but on January 13, 2003, ordered Weeks' 92-month sentence on Count One to run concurrently with his previously imposed Indiana state sentence. *See id*, [D. E. 53].

The BOP commenced Weeks' sentence on the date it was imposed, December 5, 2002, the earliest date possible under 18 U.S.C. § 3585(b). *See* BOP Responses [D. E. 2-5, pp.1-2; *id*., p. 16]. In so doing, the BOP designated *nunc pro tunc* the Indiana state facility where Weeks served state sentence as the place for service of his federal sentence, effective December 5, 2002. *Id*. But the BOP determined that because Weeks had been in the primary custody of the state of Indiana between April

4, 2002, and December 5, 2002, while under the writ of *habeas corpus ad prosequendum*, he could not obtain federal pre-sentence credit for that time. *Id.*

## 2. Prior § 2241 Litigation

On November 13, 2008, while confined in the United States Penitentiary at Canaan, Pennsylvania, Weeks filed a prior § 2241 petition in the United States District Court for the Middle District of Pennsylvania. *See Weeks v. Holt*, 3:CV-08-2057 (M.D. Pa.) ("the Prior §2241 Petition"). Weeks argued that the BOP failed to credit his federal sentence with 248 days he spent in a federal holding facility while the Criminal Proceeding was pending.

That court dismissed the Prior § 2241 Petition on the merits, finding that: (a) the 248 days Weeks spent in federal custody pursuant to a writ of *habeas corpus ad prosequendum* did not cause his federal sentence to commence, and (b) the time Weeks spent in custody on that writ had already been credited to his Indiana state sentence and he could not obtain "double" credit on his federal sentence for the time-period. *See Weeks v. Holt*, 3:CV-08-2057, 2008 WL 5416405, at *4 (M.D. Pa., December 30, 2008). The court explained as follows:

> It is well established that a federal sentence does not begin to run when a federal defendant is produced from state custody pursuant to a federal writ of habeas corpus ad prosequendum. *See Chambers v. Holland*, 920 F.Supp. 618, 622 (M.D. Pa.1996). When a prisoner is in federal custody via a writ ad prosequendum, the state is still the primary custodian "unless and until the first sovereign relinquishes jurisdiction over the prisoner." *Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000).

4

> Petitioner's federal sentence commenced on December 5, 2002, the date it was imposed. At that time, he was under the primary jurisdiction of Indiana as he had only been "borrowed" by the federal government pursuant to the writ to attend the federal proceedings. Because the time spent on the writ has already been credited to Petitioner's Indiana state sentence, he cannot receive credit for the same time period toward service of his federal sentence. Prior custody credit cannot be granted if the prisoner has received credit towards another sentence. *See Rios*, 201 F.3d at 272; *Tisdale v. Menifee*, 166 F. Supp.2d 789, 792 (S.D.N.Y. 2001). "Double credit" is strictly prohibited by the statutory bar set forth in § 3585(b). Accordingly, even if the petition were exhausted, it is without merit.

*Weeks*, 2008 WL 5416405, at *4.[1]

### 3. Subsequent Administrative Exhaustion

While the Prior § 2241 Petition was pending in the Middle District of Pennsylvania, and afterwards, Weeks exhausted his claims through the BOP's three-step administrative remedy procedure. *See* Petition, [D. E. 2-5, pp. 6-17]. In his BOP grievances, Weeks argued that because this Court ordered part of his federal sentence to run concurrently with his Indiana sentence, his federal sentence should reflect additional prior custody credit from March 8, 2001, through December 5, 2002.

The BOP rejected Weeks' argument at all three levels, the final being the April 3, 2009, Response of Harrell Watts, BOP Administrator of National Appeals. [D. E. 2-5, p. 16]. Watts stated that pursuant to *Willis v. United States*, 438 F.2d 923 (5th

---

[1] The federal court in Pennsylvania first determined that Weeks had failed to administratively exhaust his pre-sentence claims in compliance with the BOP's three-step administrative remedy procedures set forth in 28 C.F.R. §§ 542.10-16. *Id.*, at *3. Regardless, the court then determined that Weeks' sentence-credit claim failed on the merits for the reasons set forth above. *Id.*, at *3-*4.

Cir. 1973), the BOP credited Weeks' federal sentence with 114 days of prior presentence custody between November 14, 2001, and March 7, 2002; that Weeks' state sentence began on March 8, 2002; and that Title 18 U.S.C. § 3583(b) precludes crediting a federal sentence with prior custody credit after another sentence, either federal or state, has begun. *Id.* Watts further explained that because Weeks was serving his state sentence between March 8, 2002 and December 5, 2002, and had received daily credit on his state sentence for that time-period, he was not entitled to "double credit" on his 92-month federal sentence for that same time-period. *Id.*

### 4. Current § 2241 Petition

In his current § 2241 petition, Weeks seeks an Order directing the BOP to designate, *nunc pro tunc*, the facility where he served the 248 days under writ of *habeas corpus ad prosequendum* as the place where he served his federal sentence, and to credit his federal sentence with that 248 days of pre-sentence service pursuant to 18 U.S.C. § 3621(b) and *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1991).[2] Weeks argues that a *nunc pro tunc* designation is warranted because: (a) he was under the

---

[2] In *Barden*, the Third Circuit held that the BOP's authority under 18 U.S.C. § 3621(b) to designate the penal institution where a federal prisoner will serve his federal sentence includes the authority to designate, *nunc pro tunc* (or "after the fact"), the state prison where the defendant had been serving his state sentence as the place where he was serving his federal sentence. *Barden*, 921 F.2d at 480. The practical effect of such a designation is to grant the federal prisoner credit against his federal sentence for all of the time spent in state custody, in effect serving the two sentences concurrently. The BOP has accepted the rule of *Barden* and set forth the factors to be considered in determining whether to make such a designation in Program Statement 5160.05.

control of the United States Marshal's Service during that time-period and was therefore in official federal custody, and (b) on January 13, 2003, this Court ordered his prison term as to Count One of the Indictment to run concurrently with any prison term he was serving in the State of Indiana.

Weeks acknowledges that during the administrative grievance process, he did not assert a *Barden* claim seeking a *nunc pro tunc* designation of the facility where he was held between April 4, 2002, and December 5, 2002. *See* Petition Supplement, [D. E. 2-4, p. 1], but contends that "[t]he BOP should have known what he [Weeks] was requesting because he [Weeks] cited P.S. 5880.28." *Id.*

## DISCUSSION

Weeks' current § 2241 petition is barred by the doctrine of claim preclusion. Under this doctrine, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated, and as to every ground of recovery that could have been presented in the prior proceeding. *Federated Dept. Stores, Inc. v. Moitie*, 452 US. 394, 398 (1981); *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994).

In the Prior § 2241 Petition, Weeks sought exactly the same relief he seeks in this action: to wit, 248 days of credit on his current federal sentence for the time he served in pre-sentence custody between April 4, 2002, and December 5, 2002, while

in custody under a writ of *habeas corpus ad prosequendum*.³ In the section of its Memorandum entitled "**Merits**," the Pennsylvania federal court concluded that Weeks could not obtain pre-sentence custody credits for time served pursuant to a writ of *habeas corpus ad prosequendum*, and that §3585(b) prevented awarding "double" credits to Weeks' federal sentence because Weeks' state sentence had already been credited for the same period of time. *Weeks*, 2008 WL 5416405, at *4.

That court specified that even if Weeks had fully exhausted his claims, "they are without merit," *Weeks*, 2008 WL 5416405 at *3, and again reiterated that point at the end of its decision by stating that "Accordingly, even if the petition were exhausted, it is without merit." *Id.*, at *4. This language constitutes an unequivocal dismissal on the merits.

The decision in the Prior § 2241 Petition disposes of Weeks' current and related § 3585(b) claim seeking a *nunc pro tunc* designation of the facility where he was confined while under the writ. Habeas corpus relief is unavailable to a federal prisoner whose claims have already been adversely ruled upon in a prior proceeding. *Smith v. Reno*, 3 Fed. App'x. 403 (6th Cir. 2001); *Harvey v. Eichenlaub*, No. 2:08-

---

³ In the Prior § 2241 Petition, Weeks set forth the following claim for relief:

"Credit my 248 days jail credit while awaiting sentence in custody of the U.S. Marshals."

*See* Prior § 2241 Petition, [D. E. 1, p. 6].

8

CV-11349, 2008 WL 1454150, at *1 (E.D. Mich. April 9, 2008); *Sandles v. Scott*, 26 F. Supp.2d 1355, 1356-57 (N.D. Ga.1998).

In his current § 2241 petition, Weeks may be attempting to argue that his request for a *nunc pro tunc* designation is a new or different theory warranting relief. That argument does not prevent dismissal because as noted, the doctrine of claim preclusion bars not only any and all claims which the parties or their privies actually litigated before a final judgment on the merits was entered, but also every ground of recovery that *could have been* presented. *See Federated Dept. Stores,* 452 U.S. at 398. Weeks could have sought a *nunc pro tunc* designation based on *Barden* in the Prior § 2241 Petition, but he did not do so. Instead, he filed the instant § 2241 petition two years later, seeking the same relief he sought in the Prior § 2241 Petition, re-asserting the same claim that the BOP deprived him of 248 days of credit on his federal sentence.

As the doctrine of claim preclusion prevents Weeks from relitigating issues that were or *could have been* raised in a prior action decided on the merits, he cannot maintain this second § 2241 petition seeking pre-sentence credit for the time-period between April 4, 2002, and December 4, 2002. The Court will dismiss his § 2241 petition with prejudice.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner Newell Duane Weeks' 28 U.S.C. § 2241 petition, [D. E. 2] is **DENIED;**

(2) This proceeding is **DISMISSED WITH PREJUDICE**; and

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of Warden Eric D. Wilson, the respondent.

This _3_ day of January, 2011.

_____
HENRY R. WILHOIT, JR.
SENIOR U.S. DISTRICT JUDGE